REDMANN, Judge.
Plaintiff obtained a judgment against Walker Land Company, Inc. and garnished Colonial Bank. Colonial responded that it held $48.28 in checking account balances and 79 notes payable to Walker but .that it was a privileged creditor as to those items. It first asserted a notarial act of pledge of the 79 notes to secure a $296,000 note from Walker to itself. It further asserted a second pledge, under the terms of other notes from Walker to itself, of the account balances and of the 79 notes (which have a face value greater than $296,000). The trial court upheld the first pledge but rejected Colonial’s claim to preference under its alleged second pledge. Colonial appeals. We affirm.
The question is whether a pledge is created by the other notes’ authorizing Colonial “to appropriate and apply to the payment . hereof . . any and all monies, stocks, bonds or other property of any kind whatsoever, now or hereafter, in the hands of said bank on deposit or otherwise . belonging to any maker . . .”
Those words do not purport to confer a pledge upon the bank. They authorize the bank to take property to pay and thus extinguish the principal obligation or indebtedness, rather than to detain property (especially the corporate checking accounts!) as a security for a principal obligation which continues to exist. “The pledge is a contract by which [a] debtor gives something to his creditor as a security for his debt.” La.C.C. 3133. The debtor cannot compel return of the thing pledged until the principal debt has been paid, C.C. 3164, although the debtor remains the owner of the thing pledged, C.C. 3166. The contract of pledge thus presupposes a principal obligation and is itself an “auxiliary obligation”, C.C. 3136, to which the creditor’s being put in possession of the thing pledged is essential, C.C. 3152. Pledge does confer a privilege and preference, C.C. 3157. The general rule is that this privilege (i.e., priority over third persons) is effective only if (in addition to possession being delivered, C.C. 3152 and 3162) the pledge is in writing “in which shall be stated the amount of the debt intended to be secured thereby, and the species and nature of the thing given in pledge . . ”, C.C. 3158. The pledge of promissory notes, however, requires no writing to affect third persons, and is effective “without further formalities” beyond their delivery to the pledgee, C.C. 3158. Nevertheless, because pledge is a contract, C.C. 3133, the consent of the parties to its terms, C.C. 1779, must be alleged and proven. Colonial did not allege or prove any pledge of the 79 promissory notes by unwritten contract. It relies exclusively on the written provisions of its dealings with Walker.
The 79 notes payable to Walker which Walker delivered in pledge to the bank to secure one specific note for $296,000 were not, in the act of pledge, pledged to secure any other indebtedness. Were there an excess of payments from those 79 notes over the amount due on the secured note, the language of Walker’s other notes would purportedly authorize the bank to “appropriate and apply to the payment” (our emphasis) of Walker’s other notes that surplus. That language does not purport to give a pledge upon those 79 notes (or upon their proceeds after paying the secured notes) to secure Walker’s other notes. Nor does that language purport to authorize the bank to take possession, for security, of the balance in checking accounts (although the bank is authorized to take the balance for payment of the other notes).
We add that the contractual language does not meet the description requirement of C.C. 3158 or show the consent required by' C.C. 1779. The contractual wording “property of any kind whatsoever” is not a description as the law requires of “species and nature” of the thing pledged.
*316 The preference that the law allows to a pledgee defeats ordinary creditors’ rights to the pro rata share of the debtor’s property that C.C. 3183 provides. Laws granting preference must therefore be strictly construed; C.C. 3185. Pledge law only grants preference when both its “essential” requirement of possession, C.C. 3152, and its requirement for effectiveness against third persons, C.C. 3158, have been met.
We conclude that pledge was not intended by the written contracts of the parties; that the law’s requirements for effectiveness of the pledge against third persons have not been met by the written contracts; and that no other contract of the parties purports to grant pledge. Nothing was pledged to the bank to secure the notes other than the $296,000 note. The trial judge correctly rejected the bank’s claim to a second pledge and preference under the language of those unsecured notes.
Affirmed.